## IRENE M. JOLLY v. JESCO, INC., AND ANOTHER.

166 N. W. (2d) 708.

March 28, 1969—No. 40671.

*Scallen, Farnes, Evidon & Harder* and *Harold E. Farnes,* for relator.
*Robb, Robb & Van Eps,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.[1]

This is a proceeding brought by the dependent widow of a deceased employee to recover a penalty against the employer for interposing a frivolous defense under Minn. St. 176.225.[2] The relator was originally awarded benefits by the Industrial Commission under the Workmen's Compensation Act, and the employer appealed to this court. We affirmed the award in Jolly v. Jesco, Inc. 271 Minn. 333, 135 N. W. (2d) 746. Relator here asserts that the defense was frivolous. The referee held that it was not, and a divided commission affirmed that decision.

The facts are fully set forth in our prior decision. We there found that while decedent was constructing a tile wall he became angered by a fellow worker and assaulted him without provocation. As a result of the ensuing struggle, decedent suffered a heart attack and died. The Industrial Commission held that decedent's death was work-related. We affirmed their award.

The thrust of relator's contention is that at the time the employer took its appeal to this court, the law on the subject of awarding benefits to aggressors in workmen's compensation cases was fully settled by our de-

---

[1] The author of this opinion having been ill at the time of hearing has heard the oral arguments by tape recording.

[2] Minn. St. 176.225, subd. 1, provides: "Upon reasonable notice and hearing or opportunity to be heard, the commission or upon appeal, the supreme court may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:

"(a) instituted a proceeding or interposed a defense which does not present a real controversy but which is frivolous or for the purpose of delay; or,

"(b) unreasonably or vexatiously delayed payment; or,

"(c) neglected or refused to pay compensation; or,

"(d) intentionally underpaid compensation."

cisions in Petro v. Martin Baking Co. 239 Minn. 307, 58 N. W. (2d) 731, and Cunning v. City of Hopkins, 258 Minn. 306, 103 N. W. (2d) 876. The referee denied relator's claim. In so doing he held that there was a medical issue as to causation. In addition, he was of the opinion that the employer was justified in attempting to distinguish the Petro case because in that instance "there was provocation instigated by the person assaulted, whereas in the instant matter this appears to be absent and the aggressor solely precipitated the altercation on a scaffold approximately five feet from the ground with a wanton disregard for his own safety and that of the fellow workman." A majority of the commission affirmed the decision denying the penalty, indicating, however, that the distinction between the Jolly case and the Petro case was "marginal." One commissioner dissented.

We hold that the referee and the commission were warranted in finding that the defense presented in these procedings was not frivolous. It is true that the employer sought to have the court reconsider its decision in the Petro case. That unsuccessful effort was not without justification in view of the sharply divided court which decided the Petro case, in which three strongly worded dissents were appended to the majority opinion. The dissent of the present Chief Justice stated (239 Minn. 317, 58 N. W. [2d] 737): "No court has gone as far as we are going here." Although the case turned on the question of the time which elapsed between the provocation and the assault, it is of some significance that in the Petro case the deceased employee who provoked the assault had been accused of stealing bags out of the other employee's truck. Here, on the other hand, the decedent's attack on his fellow employee was unprovoked, and we characterized decedent both as "the instigator and continuous aggressor." 271 Minn. 336, 135 N. W. (2d) 748.

With respect to Cunning v. City of Hopkins, *supra*, on which relator relies as affirming our position in Petro, suffice it to say that it did not involve an assault but "frolicking, larking, or horseplay" and that our reference to the Petro case was simply dictum. 258 Minn. 319, 103 N. W. (2d) 885.

Accordingly, we hold that the apparent factual distinction between

this case and Petro was sufficiently substantial to permit a finding that the appeal was taken in good faith notwithstanding our subsequent conclusion that the arguments for allowing compensation were stronger in Jolly than in Petro (271 Minn. 336, 135 N. W. [2d] 748; Jones v. Schiek's Cafe, 277 Minn. 273, 278, 152 N. W. [2d] 356, 359). The question of causation was close enough to warrant review, and the commission could find that the employer's attempt to persuade us to reconsider the rule in the Petro case was not without justification.

Affirmed.